880 So.2d 714 (2004)
Dorothy MANUEL, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 2D03-4546.
District Court of Appeal of Florida, Second District.
May 7, 2004.
Rehearing Denied June 10, 2004.
*715 Jeffrey D. Grabel of Bay Area Legal Services, Inc., Dade City, for Appellant.
Josefina Tomayo, District Legal Counsel, Tallahassee, and Keith J. Ganobsik, Assistant District Legal Counsel, Largo, for Appellee.
VILLANTI, Judge.
Dorothy Manuel challenges a Department of Children and Family Services (DCFS) hearing officer's determination that she is not eligible to receive temporary cash assistance benefits for the dependent children who were placed in her care under the supervision of DCFS. Because the hearing officer ignored the plain language of the statute setting forth the eligibility requirements for receiving temporary cash assistance, we reverse.
Ms. Manuel has had physical and legal custody of her stepsister's three minor children since 1995 when the children were declared dependent and placed with Ms. Manuel as a nonrelative placement by DCFS. On May 14, 2003, Ms. Manuel applied for temporary cash assistance on behalf of the children. DCFS denied the request for temporary cash assistance because, it determined, the dependent children were not within a "specified degree of blood relationship" to Ms. Manuel as required by section 414.095(2)(a)(4), Florida Statutes (2003), and as that term is defined by DCFS's interpretive manual. The interpretive manual sets forth what degree of blood relationship is required for family members who are living together to be eligible for cash assistance. According to this interpretive manual, because the minor children are related to Ms. Manuel only through Ms. Manuel's stepsister, the children do not meet the blood relationship requirements to receive temporary cash assistance.
Ms. Manuel appealed the decision, and a hearing was held on July 18, 2003. At the hearing, DCFS's senior public assistance specialist conceded that the children were living in a setting approved by DCFS. Nevertheless, she testified, DCFS would never consider whether the children were residing in a setting approved by DCFS as a condition of eligibility. Rather, DCFS would base its determination on the criteria set forth in its interpretive manual, and specifically on whether the children were within a certain degree of blood relationship to Ms. Manuel. Consequently, although the hearing officer found that the children were residing in a setting approved by DCFS, it still determined that the interpretive manual provided no other basis for the children to receive temporary cash assistance than their "liv[ing] in the home of a specified relative." Because the children did not live in the home of a specified relative according to the dictates of the interpretive manual, the hearing officer determined the children were ineligible for temporary cash assistance.
Section 414.095(2)(a) provides the eligibility requirements for those seeking temporary cash assistance. Along with other requirements not relevant to our analysis, the statute requires a minor child to reside "with a custodial parent or parents or with a relative caretaker who is within the specified degree of blood relationship as defined under this chapter, or in a setting approved by the department." § 414.095(2)(a)(4) (emphasis added).
*716 DCFS does not dispute the children's eligibility under any of the criteria set forth in this section other than their being "within the specified degree of blood relationship." Ms. Manuel counters that the children's failure to fall within the specified degree of blood relationship does not preclude their eligibility to receive temporary cash assistance because the children reside "in a setting approved by the department."[1] Thus, the proper interpretation of section 414.095(2)(a)(4) controls the outcome of this appeal.
An agency's interpretation of the statute it is charged with enforcing is normally entitled to great deference. Verizon Fla., Inc. v. Jacobs, 810 So.2d 906, 908 (Fla.2002). However, if the agency's interpretation conflicts with the plain and ordinary meaning of the statute, such deference is not required. Id.; Fla. Hosp. v. Agency for Health Care Admin., 823 So.2d 844, 847 (Fla. 1st DCA 2002). Moreover, when the language of the statute under interpretation is unambiguous and has a plain and ordinary meaning, the plain meaning should be given effect. Fla. Hosp., 823 So.2d at 848.
The language of section 414.095(2)(a)(4) is unambiguous. Its plain and ordinary language deems a child eligible for temporary cash assistance if she or he resides with a custodial parent or parents or other relative caretaker within the specified degree of blood relationship or if she or he resides in a setting approved by the department. "[W]ithin the specified degree of blood relationship" modifies other "relative caretaker"; thus, a child residing with a relative caretaker within a certain degree of blood relationship to the child is eligible for temporary cash assistance. In addition, a child living "in a setting approved by the department" is eligible for assistance. The disjunctive "or" in the statute mandates that both scenarios can provide a basis for eligibility. Living "in a setting approved by the department" is a means of eligibility that has nothing to do with being within the specified degree of blood relationship. By stating that DCFS would never consider this means of temporary cash assistance eligibility, DCFS indicated that it customarily ignores an unambiguous statute.[2]
This court may set aside an agency decision when the agency has "erroneously interpreted a provision of law and a correct interpretation compels a particular action." § 120.68(7)(d), Fla. Stat. (2003); see also § 120.68(7)(e)(4) (allowing appellate review of an agency's exercise of discretion that was "[o]therwise in violation of a constitutional or statutory provision"). Because the DCFS hearing officer's erroneous interpretation of section 414.095(2)(a)(4) provided the sole basis for his determination that the children were *717 not eligible for temporary cash assistance benefits, we reverse and remand with instructions that the children be awarded benefits.
Reversed and remanded with instructions.
NORTHCUTT and DAVIS, JJ., Concur.
NOTES
[1] Under section 414.0252(3), "Department" as it is used in section 414.095 means the "Department of Children and Family Services." DCFS does not dispute that the children were residing in a setting it had approved. Indeed, the children reside with Ms. Manuel under DCFS's protective supervision. Moreover, the hearing officer determined that the children are in fact residing in a setting approved by DCFS, although the hearing officer rejected the contention that the children were residing in a setting approved by DCFS "pursuant to [section] 414.095(2)(a)(4)" as conclusory.
[2] This court has previously chastised DCFS for its mishandling of certain cases and particularly for its failure to follow its legislatively mandated objectives. See Dep't of Children & Family Servs. v. D.N. (In re D.N.), 858 So.2d 1087, 1094 (Fla. 2d DCA 2003). We can see no logical justification for DCFS to place children in a supervised setting and then deny them their means of subsistence. Further, that an unambiguous statute trumps an agency's interpretive manual is so obvious to us that we find any other position untenable.